## T. J. NEWMAN v. B. F. & M. R. DODSON ET AL.

### SUPREME COURT, AUSTIN TERM, 1882.

*Will—Construction of—Estate for life—Remainder—Marriage of minor legatee—Trusts—Removal of trustee.*—By one clause of her will, a testatrix devised certain property to S., "for her sole use and benefit, so long as she lives; and at her death, I give and bequeath said property to her child, or children, if any, * * to have and to hold forever. But in the event" of S.'s death without an issue, or before arriving at twenty-one years of age, "then I give and bequeath my entire estate * * to N., to have and to hold forever, for his sole use and benefit." Another clause gave to N. "the possession, management and control of the property until" S. should have arrived at said age. S., having married, died and left issue before attaining the age of twenty-one, N. claimed the property.

*Held,* That on the death of S., the property vested in her issue.

*Held,* Also, that. as N. had set up an adverse claim to the property, and had not given bond and security for the performance of his trust, that he was not entitled to continue as trustee.

Appeal from Washington county.—Newman and Breedlove & Ewing, for appellants.

Opinion by Bonner, J.—Precedence was given to this case because it pertained to the administration of an estate. It involves the construction of the second and fifth clauses of the last will and testament of Mary Ann Shrimpf. The second clause of the will reads as follows:

" All the property that I may have and possess, be the same real, personal or mixed, or have in expectancy, at the time of my death, I hereby give and bequeath to my daughter, Mary Rebecca Shrimpf, to have and to hold and to use, unto her, the said Mary Rebecca Shrimpf, for her sole use and benefit so long as she lives, and at her death I give and bequeath said property to her child or children, if any she may have, to have and to hold forever. But in the event that my said daughter dies without leaving surviving her a child or children, or dies before she becomes twenty-one years old, then I give and bequeath my entire estate of every description, either in possession or in expectancy, to my brother T. J. Newman, to have and to hold forever for his sole use and benefit."

It is claimed by appellant, Newman, that as the daughter, Mary Rebecca Shrimpf, died before she arrived at the age of twenty-one years, although she left a child surviving, that the contingency had happened which entitled him to hold the property thereafter for his own sole use and benefit.

It is too plain for argument that this claim on the part of appellant is without legal foundation, to say nothing of its merits in a moral point of view.

The fifth clause of the will gave to appellant, Newman, the possession, management and control of the property until the daughter, Mary Rebecca, should have arrived at the age of twenty-one years, and that he apply the rents and profits thereof, or so much as he might deem sufficient, to her support and maintenance, and to the payments of the debts of the estate.

Appellant contends that although the daughter married and died leaving issue, he is, nevertheless, entitled to the property until the time when the daughter would have arrived at this age.

This position is also untenable. It was the evident intention of the testatrix to give to appellant, as her representative, this power during the minority of the daughter, but not longer. Under our statute, her disability ceased with her marriage, and with it ceased the power given to appellant. Beside, at the death of the daughter the property vested absolutely into her surviving child, and as appellant set up in himself an adverse claim thereto, he ceased to be a proper party to control it for the benefit of the child, and particularly as he had not given bond and security.

Judgment affirmed.